■ RIVERSIDE FINANCE CORPORATION, Appellant, v CONIGLIO BUILDERS, INC., Defendant, and SAMUEL M. CONIGLIO, III, et al., Respondents.—Order

and judgment unanimously reversed, with costs, and motions denied. Memorandum: Plaintiff appeals from an order of Erie County Court affirming the dismissal by Buffalo City Court of the complaint against defendants Samuel M. Coniglio, III, his wife Carol Ann Coniglio, and their attorney Lauren D. Rachlin. The corporate defendant, Coniglio Builders, Inc., did not appear in the action. Summary judgment has been granted against it and there is no appeal. In 1972 Coniglio Builders, Inc., executed and delivered to plaintiff, a commercial financial institution, a mortgage covering 15 building lots. The mortgage provided for the release of the lien as to any lot upon payment to plaintiff of $3,000. In March, 1974 plaintiff released one of the lots from the blanket mortgage. In lieu of payment of $3,000, the plaintiff accepted from Coniglio Builders, Inc., a new mortgage in that amount. Because of a misdescription of the lot the new mortgage was not recorded in the Erie County Clerk's office as a lien against the premises. Coniglio Builders, Inc., conveyed the lot to Coniglio Builders and Associates, which subsequently conveyed to Samuel Coniglio, III, who had been an officer of defendant Coniglio Builders, Inc. He conveyed to his wife Carol Ann Coniglio. These conveyances were made subject to the mortgage. Carol Ann Coniglio conveyed to persons not involved in this lawsuit. Her attorney was defendant Lauren D. Rachlin. When, upon the closing, the title search did not show the outstanding mortgage, Carol Ann sold the lot without paying the mortgage debt. Plaintiff brought this action for judgment against defendants in the amount of $3,000 plus interest together with punitive damages against Carol Ann Coniglio and Lauren D. Rachlin. With respect to Carol Ann Coniglio the first cause of action sets forth the background of the transaction and alleges that with full knowledge of plaintiff's lien she closed the sale of the premises without payment to plaintiff of the amount due on the bond and mortgage. As a second cause of action the complaint states that her conduct willfully and maliciously deprived plaintiff of its security and constituted a willful and malicious interference with the contract. The affidavit of Samuel and Carol Ann Coniglio indicates that Samuel, as well as Carol Ann, was involved in the transaction in question. Thus, the complaint and the Coniglios' affidavit are sufficient to state a claim that they, with full knowledge of the plaintiff's interest, participated in the sale of the lot in violation of the mortgage and in an effort to defeat the plaintiff's lien. It was error to dismiss the complaint with respect to these two defendants. It was also error to dismiss the complaint with respect to defendant Rachlin. It alleges that as attorney for the Coniglios, Rachlin contacted the plaintiff's attorneys, informed them that there was a sale pending on the premises, requested closing figures on the mortgage, and requested plaintiff's attorneys to prepare and have executed a discharge of the bond and mortgage on the premises in question. It also alleges that plaintiff's attorneys complied with these requests and that subsequently Rachlin and Carol Ann Coniglio closed the sale of the premises without payment to the plaintiff of the amount due. The complaint indicates that as attorney for Coniglio Builders, Inc., and for Samuel Coniglio, III, Rachlin had made the arrangements whereby plaintiff would release the premises in question from the blanket mortgage without payment of $3,000 and would receive a second mortgage in that amount. In their affidavit, the Coniglios allege that they informed Rachlin of the mortgage in question and were informed by him that the abstract of title showed no new mortgage and were advised to close the sale of the parcel. As a second cause of action, the complaint states that Rachlin knew of the existence of the bond and mortgage and that his conduct willfully and maliciously deprived the plaintiff of its security and consti-

tuted a willful and malicious interference with the contract. Accepting, as we must, the truth of the allegations, we find them sufficient to state a cause of action (CPLR 3211, subd [a], par 7). (Appeal from order of Erie County Court—dismiss complaint.) Present—Simons, J. P., Hancock, Jr., Doerr, Witmer and Moule, JJ.